UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILLIP BUSCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:07-CV-0375-G |
| M.G. "PAT" ROBERTSON, ET AL., | ) | |
| | ) | **ECF** |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants M.G. "Pat" Robertson ("Robertson") and The Christian Broadcasting Network ("CBN") (collectively, "the defendants") to dismiss this case for improper venue and to impose sanctions. For the reasons set forth below, the motion to dismiss is granted, and the motion for sanctions is denied.

### I. BACKGROUND

This case stems from the defendants' allegedly unauthorized use of photographs of the plaintiff Phillip Busch ("Busch" or "the plaintiff") by the defendants during a television broadcast. Busch's claims reach this court with a

protracted procedural history. On September 20, 2005, Busch first asserted claims against Robertson, CBN, Basic Organics, Inc. ("Basic Organics"), General Nutrition Corporation ("GNC"), and David Hawk ("Hawk") for misappropriation of image, fraud, unjust enrichment, and civil conspiracy. *See* Plaintiff's First Amended Complaint ("*Busch I* Complaint"), *attached to* Defendant's FED. R. CIV. P. Rule 12(b)(3) Motion to Dismiss for Improper Venue and Sanctions ("Motion to Dismiss"), *as* Exhibit C. This suit was filed in a state district court of Dallas County, Texas, and later removed to this court.

The claims against CBN and Robertson in *Busch I* were transferred to the United States District Court for the Eastern District of Virginia, where a parallel action was pending.[1] See *Busch v. Robertson*, No. 3:05-CV-2043-L, 2006 WL 1222031, at *7 (N.D. Tex. May 5, 2006) (Lindsay, J.). On April 12, 2007, the transferee court granted summary judgment in favor of CBN and Robertson on Busch's claims of misappropriation of image, fraud, unjust enrichment, and civil conspiracy. *Busch v. The Christian Broadcasting Network* ("*Busch I*"), No. 2:05-CV-558, 2007 WL 1112648, at*3-6 (E.D. Va. Apr. 12, 2007). Busch filed a notice of appeal

---

[1] GNC, Basic Organics, and Hawk entered into a settlement agreement with the plaintiff in *Busch I* but were subsequently sued by Busch on the same causes of action. *Busch v. Basic Organics, Inc.* (*Busch II*), No. 3:06-CV-2261-L, 2007 WL 603385, at *3 (N.D. Tex. Feb. 27, 2007) (Lindsay, J.). The claims in *Busch II* were dismissed as to all the *Busch II* defendants. See *id.* at *8-9.

from that court's grant of summary judgment.  *See* Notice of Appeal, *attached to* Declaration of Phil Busch ("Busch Declaration") (filed May 7, 2007).

In the present case (*Busch III*), Busch again asserts claims against Robertson and CBN of misappropriation of image, fraud, unjust enrichment, and civil conspiracy.  *See* Plaintiff's Original Petition ("*Busch III* Petition") at 10-13, *attached to* Motion to Dismiss, *as* Exhibit D.  The factual bases and theories of recovery alleged in *Busch III* are identical to those of *Busch I*.  Compare *Busch I* Complaint with *Busch III* Petition.

## II.  ANALYSIS

On the instant motion, Robertson and CBN ask for two forms of relief.  First, they seek dismissal of all claims on the basis of FED. R. CIV. P. 12(b)(3).  Second, they ask the court to sanction Busch and award them attorneys' fees because Busch filed this duplicative action.

### A.  Motion to Dismiss

The defendants' motion to dismiss asks the court to dismiss the claims against them, on the basis of F.R. CIV. P. 12(b)(3), because identical litigation was pending in a court with concurrent jurisdiction.  However, due to developments in *Busch I*, which was pending in the Eastern District of Virginia at the time this motion to dismiss was filed, the court concludes that this case should more properly be disposed of on *res judicata* grounds.  Because the defendants did not affirmatively plead *res judicata* in

their motion to dismiss, however, it must first be determined whether the court may, *sua sponte*, invoke the doctrine of *res judicata*. Assuming that it can, the court must then decide whether the elements of *res judicata* have been shown in this case.

1. Sua sponte *dismissal on* res judicata *grounds*

Though the defendants have not affirmatively raised *res judicata* as a ground for dismissal in their motion to dismiss, the Fifth Circuit has held that a court may *sua sponte* raise the issue of *res judicata* in some situations. *Carbonell v. Louisiana Department of Health & Human Resources*, 772 F.2d 185, 189 (5th Cir. 1985). The Fifth Circuit recognizes two limited instances in which a trial court may raise the issue *sua sponte*. *Id.* First, *res judicata* may be raised properly by a district court *sua sponte* where both actions were brought in courts of the same district. *Id.* Second, *res judicata* may be applied *sua sponte* when all relevant data and legal records are before the court and "the demands of comity, continuity in the law, and essential justice mandate judicial invocation of the principles of *res judicata*." *Id.* (citing *American Furniture Company, Inc. v. International Accommodations Supply*, 721 F.2d 478 (5th Cir. 1981)). If all of the relevant facts are contained in the record before the court and are uncontroverted, the court cannot ignore their legal effect or fail to consider the application of controlling rules of law simply because the defendant failed to invite the court's attention to the issue through technically correct and exact pleadings.

*Russell v. SunAmerica Securities, Inc.*, 962 F.2d 1169, 1171 (5th Cir. 1992). The *sua sponte* invocation of *res judicata* is consistent with the policies underlying the doctrine -- not only is there the defendants' interest in avoiding the burden of twice defending a suit, but also the court's interest in avoiding waste of judicial resources. *United States v. Sioux Nation of Indians*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting).

The Fifth Circuit illustrated the second exception to the pleading of *res judicata* by *sua sponte* invoking the doctrine in *American Furniture Company, Inc.*, 721 F.2d at 482. The court held that the plaintiff could claim no surprise or prejudice for the defendant's failure to plead *res judicata* because the defendant's pleadings and memoranda addressed the existence of the prior proceeding that barred the action then before the court. *Id.* Also, the defendant's motion to dismiss was "taken to raise the plea of res judicata" when the court considered the record. *Id.* There was no suggestion of prejudice in *American Furniture* because the court was considering information that had been brought to the court by both parties in the action. *Id*.

*Busch III* falls under this exception to the strict *res judicata* pleading requirements. In the declaration filed by Busch on May 7, 2007, he discussed *Busch I* and the summary judgment order against him.² *See* Busch Declaration at 1; *see also*

---

² Though the court in this order need not resolve Busch's pending motion for summary judgment, it does consider the arguments raised in that motion for summary judgment as they pertain to the issue of *res judicata*. In response to Busch's motion for summary judgment, the defendants specifically raised the issue of *res judicata* and attached the memorandum opinion granting them summary judgment in
(continued...)

Notice of Appeal. Similarly, the defendants recognized that "*Busch III* is virtually identical to *Busch I*" and that "the pleadings clearly involve the same facts and embrace the same causes of action." Motion to Dismiss at 2-3. With both parties in agreement on the outcome of *Busch I*, the purposes of requiring *res judicata* to be pleaded affirmatively -- *i.e.*, to give the opposing party notice of the plea and the opportunity to respond -- will not be frustrated here. Busch has been given notice and the opportunity to respond to the defendants' assertion that he is reasserting the same claims as in *Busch I*. Accordingly, the court finds that it can *sua sponte* consider the issue of *res judicata* in this case.

2. *Elements of* res judicata

Under *res judicata*, a prior judgment bars a subsequent action where: (1) the parties are identical in both suits; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same cause of action was involved in both cases. *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983); *Vines v. University of Louisiana at Monroe*, 398 F.3d 700,

---

[2](...continued)
*Busch I*. *See* Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment and Defendants' Supplement to Their Motion for Sanctions Against Plaintiff Phillip Busch at 2, 8-10; Memorandum Opinion, *attached to* Appendix to Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment and Defendants' Supplement to Their Motion for Sanctions Against Plaintiff Phillip Busch, *as* Exhibit G. Busch's reply to the defendants' response did not contest the existence of the order granting the defendants summary judgment in *Busch I* and failed to address the *res judicata* argument in any fashion.

704-05 (5th Cir. 2005); *Amir-Sharif v. University of Texas Medical Branch*, No. 3:07-CV-0176-G, 2007 WL 1266349, at *2 (N.D. Tex. Apr. 30, 2007) (Fish, C.J.). Further, the doctrine of *res judicata* "bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication." *Id.*

Here, the doctrine of *res judicata* bars Busch's claims. First, the two named defendants, CBN and Robertson, were named defendants in *Busch I*. Second, the judgment in *Busch I* was rendered by a court of competent jurisdiction, and Busch makes no argument to the contrary here. Third, the summary judgment order was final[3] and on the merits. *Busch*, 2007 WL 1112648, at *3-6 (discussing the four claims *seriatim* and finding each to be without merit). Finally, both *Busch I* and this complaint involve the same cause of action. In determining whether two cases involve the same cause of action, the Fifth Circuit has stated that "the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts." *Agrilectric Power Partners, Ltd. v. General Electric Company*, 20 F.3d 663, 665 (5th Cir. 1994) (quoting *Matter of Howe*,

---

[3]   Though Busch filed a notice of appeal from the decision in *Busch I*, a notice of appeal has no effect on the finality of that judgment. "A case pending appeal is *res judicata* and entitled to full faith and credit unless and until reversed on appeal." *Fidelity Standard Life Insurance Company v. First National Bank & Trust Company of Vidalia, Georgia*, 510 F.2d 272, 273 (5th Cir.), *cert. denied*, 423 U.S. 864 (1975); see also *Deere & Co. v. Johnson*, 67 Fed. App'x. 253 at *2 (5th Cir. 2003). The fact that a case is on appeal in another court does not change its absolute effect as a bar. *Prager v. El Paso National Bank*, 417 F.2d 1111, 1112 (5th Cir. 1969).

913 F.2d 1138, 1144 (5th Cir. 1990)).  In this case, Busch alleges the same four legal theories he did in *Busch I* -- misappropriation of image, fraud, unjust enrichment, and civil conspiracy.  All four claims are based on the same facts asserted in *Busch I*.  Compare *Busch I* Complaint with *Busch III* Petition.  Because *Busch III* is based on the same nucleus of operative facts as *Busch I*, the doctrine of *res judicata* bars this case.

B. Sanctions

The defendants also move for the court to impose sanctions against Busch pursuant to FED. R. CIV. P. 11(b), averring that this case is frivolous and vexatious. While the court is inclined to agree with the defendants' assessment, their failure to comply with the "safe-harbor" provision of Rule 11(c)(1)(A) precludes relief on their motion for sanctions.  FED. R. CIV. P. 11(c)(1)(A) provides in relevant part:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b).  It shall be served as provided in Rule 5, *but shall not be filed with or presented to the court unless, within 21 days after service of the motion* (or such other period as the court may prescribe), *the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn* or appropriately corrected.

(emphasis added).  There is no averment by the defendants in this case that they have satisfied the 21-day "safe-harbor" provision.  Accordingly, the court cannot impose sanctions on Busch based on this Rule 11(c)(1)(A) motion.  See *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995).

To the extent that the defendants seeks sanctions in accordance with Judge Lindsay's opinion in *Busch II*, the request is unfounded. In *Busch II*, the court stated,

> [Busch] is duly warned that a repeat of this conduct or any attempt to violate the settlement agreements entered into in *Busch I*, or the filing of any further lawsuits against any of the Defendants herein based on the allegations set forth in *Busch I* and *Busch II*, will result in monetary sanctions, and any additional sanctions the court determines are warranted at that time.

*Busch II*, 2007 WL 603385, at *8. The language of the *Busch II* order appears to be limited to the defendants named therein; neither Robertson nor CBN were defendants in *Busch II*. Accordingly, this court cannot rely on the language of *Busch II* as the basis for sanctions here.

However, under FED. R. CIV. P. 11(c)(1)(B) the court, on its own motion, can order a party to show cause why he has not violated the requirements of Rule 11(b). *See* FED. R. CIV. P. 11(c)(1)(B). While the court here does not go that far, it does join Judge Lindsay's admonition to the plaintiff. Repeated filings against Robertson and CBN will not be tolerated. The plaintiff is put on notice that another filing against these defendants based on these same facts will be construed by this court as a violation of Rule 11(b). Monetary sanctions against the plaintiff will follow if Busch fails to heed this court's warning. A *pro se* plaintiff has "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

III.  CONCLUSION

For the reasons stated above, the defendant's motion to dismiss is **GRANTED**. The defendants' motion for sanctions and the awarding of attorneys' fees is **DENIED**.

**SO ORDERED**.

June 5, 2007.

_____
A. JOE FISH
CHIEF JUDGE